BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
(FILED)

JAN 18 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

1/18/79

In re Multi-Piece Rim Products )Docket No. 362
Liability Litigation            )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON*, STANLEY A. WEIGEL, ANDREW A. CAFFREY*,
ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

I.   BACKGROUND

This litigation consists of nineteen actions pending

in fourteen federal districts.   The distribution of

these actions is as follows:

|  |  |
|---|---|
| Western District of Missouri | 4 |
| Northern District of Alabama | 2 |
| Eastern District of Michigan | 2 |
| Western District of Kentucky | 1 |
| District of Maryland | 1 |
| District of Massachusetts | 1 |
| Southern District of Mississippi | 1 |
| District of Nevada | 1 |
| District of New Hampshire | 1 |
| District of Oregon | 1 |
| Western District of Tennessee | 1 |
| Northern District of Texas | 1 |
| Southern District of Texas | 1 |
| Southern District of West Virginia | 1 |

---

* Judges Weinfeld, Robson and Caffrey did not participate
in the decision of this matter.

These actions have all been brought to recover
compensation for personal injuries or wrongful death
allegedly resulting from, among other causes, the failure
and separation of a multi-piece truck wheel (rim and
tire assembly).  The complaints in eighteen of these
actions allege that a multi-piece rim assembly separated
under pressure and flew apart with explosive force
during tire inflation, mounting of an inflated wheel
on a vehicle, or removal of an inflated wheel from
a vehicle.  Plaintiffs or plaintiffs' decedents in
these eighteen actions were individuals who were in
the proximity of the wheel when it separated, either
as service persons or bystanders. The complaint in
the nineteenth action (the Oregon action) alleges that
a multi-piece rim assembly separated during operation
of the vehicle on which the rim was being used, causing
the vehicle to go out of control and strike an oncoming
vehicle containing plaintiff and plaintiff's decedent.
In each action, one or more of the following four manufac-
turers of multi-piece rim components are named as
defendants: Firestone Tire and Rubber Co. (fourteen
actions), Goodyear Tire and Rubber Co. (eight actions),
Kelsey-Hayes Co. (three actions) and Redco Corp. (one
action).  Either Firestone or Goodyear is a defendant
in every action.  Besides the four manufacturers of

multi-piece rim components, 21 other defendants
are named in these actions, nineteen of which are named
in only one action and two of which are named in two
actions.  These additional defendants include, in specific
actions, the manufacturer of the tire which was included
in the wheel assembly; the employers of plaintiff or
plaintiff's decedent; and the manufacturers and/or owners
of the vehicle on which the wheel was located.[1]

---

1/  A summary of the specific type of accident alleged and the
defendants named in each of the nineteen actions follows:

| Name of Action | District | Type of Accident | Defendants |
|---|---|---|---|
| Hale | W.D. Missouri | Rims separated during inflation, striking plaintiff and injuring him | Firestone |
| Goodwin | W.D. Missouri | Rims separated while wheel was being mounted on a truck, striking and killing plaintiff's decedent | Firestone, Goodyear |
| Butler | W.D. Missouri | Rims separated while wheel was being mounted on a truck, striking plaintiff and injuring him | Firestone, Goodyear |
| Walker | W.D. Missouri | Rims separated while wheel was being mounted on a truck, striking plaintiff and injuring him | Firestone, plaintiff's employer |

(continued on next page)

Plaintiffs allege a number of theories of relief against the various defendants in these actions.  The

| | | | |
|---|---|---|---|
| McGee | N.D. Alabama | Rims separated while wheel was being removed from a fork-lift, striking plaintiff and injuring him | Goodyear, tire manufacturer, fork-lift manufacturer, plaintiff's employers |
| Clayton | N.D. Alabama | Rims separated during inflation, striking plaintiff and injuring him | Firestone, Kelsey-Hayes |
| Mawby | E.D. Michigan | Rims separated while wheel was being mounted on a vehicle, striking plaintiff and injuring him | Firestone |
| Johnson | E.D. Michigan | Rims separated after inflation, striking plaintiff and injuring him | Firestone |
| Henderson | W.D. Kentucky | Rims separated during inflation of a wheel mounted on a vehicle, striking plaintiff and injuring him | Firestone, tire manufacturer, truck manufacturer |
| Lantieri | D. Maryland | Rims separated while wheel was being mounted on a truck, striking plaintiff and injuring him | Goodyear, tire manufacturer |
| Barry | D. Massachusetts | Rims separated during inflation, striking plaintiff and injuring him | Firestone |

(continued on next page)

allegations against the manufacturers of multi-piece
rim components generally concern defects in the design

| | | | |
|---|---|---|---|
| Smith | S.D. Mississippi | Rims separated during **inflation**, striking plaintiff and injuring him | Firestone, Redco, tire manu-facturer, plaintiff's employers |
| Olsen | D. Nevada | Rims separated during inflation, striking plaintiff and injuring him | Goodyear |
| Dupuis | D. New Hampshire | Rims separated during removal of a wheel from a truck, striking plaintiff and injuring him | Firestone |
| Petersen | D. Oregon | Wheel failed while vehicle was being driven, causing vehicle to go out of control and strike an oncoming automobile contain-ing **plaintiff and** plaintiff's decedent | Firestone, tire manu-facturer |
| Davis | W.D. Tennessee | Rims separated during inflation of a wheel mounted on a vehicle, striking and killing plaintiff's decedent | Firestone, Kelsey-Hayes |
| Brown | N.D. Texas | Rims separated while wheel was being mounted on a vehicle, striking plaintiff and injuring him | Goodyear, tire manu-facturer, plaintiff's employers |

(continued on next page)

and manufacture of multi-piece rim components and failure
to warn adequately of the risks involved with multi-piece
rim assemblies. All parties agree that in some instances
multi-piece rim components manufactured by different
defendants can be used interchangeably.

In addition, the complaints in three of the Missouri
actions (Hale, Goodwin and Butler) allege that Firestone
and/or Goodyear 1) failed to advise the United States
Department of Transportation of the hazards associated
with use of multi-piece rims and intentionally minimized
the frequency and severity of personal injuries caused
by multi-piece rims in testimony before the Department
of Transportation; 2) withheld information from and
gave misinformation to the Department of Transportation
concerning the feasibility of a recall and retrofit
of multi-piece rims; 3) maintained a political slush
fund to make illegal payments for the purpose of avoiding
a recall of multi-piece rims; and 4) conspired with
other manufacturers to withhold the dissemination of
adequate safety warnings concerning multi-piece rims.

| | | | |
|---|---|---|---|
| Rodriguez | S.D. Texas | Rims separated during inflation of a wheel mounted on a vehicle, striking plaintiff and injuring him | Firestone, Goodyear |
| Walker | S.D. West Virginia | Rims separated while wheel was being mounted on a vehicle, striking and killing plaintiff's decedent | Goodyear, owners of vehicle |

II.   PROCEEDINGS BEFORE THE PANEL

The Panel, pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L., 78 F.R.D. 561, 566-67 (1978), ordered the parties to show cause why eighteen of these nineteen actions should not be transferred to a single district for coordinated or consolidated pretrial pro-ceedings.[2/] Plaintiffs in eleven actions (including plaintiffs in the three Missouri actions containing the additional allegations against Firestone and/or Goodyear) favor transfer.  Plaintiffs in ten of these actions favor selection of the Western District of Missouri as the transferee forum.  Plaintiff in the

---

[2/] An additional action included in the Panel's show cause order has been dismissed -- Super Tire Engineering Co. v. Goodyear, et al., D.New Jersey, C.A.No. 76-1546.  Consideration of the question of transfer with respect to this action is therefore moot.

The parties have informed the Panel that another action included in the Panel's show cause order involves a single-piece rim rather than a multi-piece rim -- Milton John McLellan, et al. v. Columbus I-70 West Auto-Truckstop, Inc., et al., N.D.Illinois, C.A.No. 77-C-2585. This action was therefore excluded from the Panel's consideration of the question of transfer in this litigation.

The action pending in the District of Maryland (Lantieri) was not included in the Panel's show cause order.  Plaintiffs in Lantieri, however, requested the Panel to include Lantieri in the Panel's present consideration of the question of transfer in this litigation.  Because the other parties to Lantieri are already before the Panel and have responded to the show cause order, we have included Lantieri in our present consideration.

eleventh action has expressed no view on that issue.
Plaintiffs in five actions and all defendants except
one (which has not responded) oppose transfer.  Plaintiffs
in the other three actions have not responded.   In
the event transfer is ordered, Goodyear favors selection
of the Northern District of Ohio as the transferee
forum. In the event transfer is ordered, several opponents
also request either that actions in which they are
involved be excluded from transfer because pretrial
proceedings in these actions are well advanced or that
the claims against them be excluded from transfer because
those claims are unrelated to the common factual issues
involved in this litigation.

III.  DECISION OF THE PANEL

We find that these actions involve common questions
of fact and that, with the exception of the Oregon
and Mississippi actions, their transfer to the Western
District of Missouri under Section 1407 for coordinated
or consolidated pretrial proceedings will serve the
convenience of the parties and witnesses and promote
the just and efficient conduct of the  litigation.[3/]

---

[3/] Pursuant to Rule 10(e), R.P.J.P.M.L., supra, 78 F.R.D.
at 568-69, Firestone and Goodyear are ordered to keep
the clerk of the Panel informed of any potential tag-along
actions in this litigation.

Opponents present the following primary arguments in opposition to transfer in this litigation:

1) The questions of fact involved in each action are primarily individual.

a) A diversity of multi-piece rim components produced by a diversity of manufacturers is involved. The design of these rim components, the interlocking mechanisms and the mounting and demounting procedures for the rims vary.

b) A diversity of parties is involved as plaintiffs and defendants. The factual situation with respect to most parties is individual to a single action.

c) The circumstances surrounding each accident primarily involve factual variables unique to that accident.

2) The factual aspects that may be shared by these actions with respect to the design and manufacture of multi-piece rim components are minimal in comparison to the unique issues involved in each action.

3) Discovery is progressing well in most of these actions, some of which have been pending for a long time, are well advanced in discovery, and are nearing readiness for trial. Transfer would merely delay pretrial and trial proceedings in these well advanced actions.

On the other hand, proponents of transfer maintain
that all multi-piece rims are essentially the same, for
purposes of this litigation, because they all operate on
the same engineering principle of maintaining a delicate
equilibrium among the multi-piece rim components in order
to keep the rim components from separating and flying apart
under inflation pressure.  Proponents assert that the sources
of discovery common to all actions include engineers familiar
with multi-piece rim design, as well as documents and witnesses
from the national trade association of tire and rim manufac-
turers.  Several plaintiffs also contend that Firestone
and Goodyear exchanged information concerning whether to
distribute certain warning labels for use with multi-piece
rims.  In addition, several plaintiffs argue that defendants
have concertedly suppressed evidence concerning the risks
associated with the use of multi-piece rims.

We are persuaded that centralized pretrial proceedings
under Section 1407 are appropriate in this litigation.
We recognize that certain individual factual issues
will be present in each action.  Nevertheless, we are
convinced that substantial common factual issues are
present concerning the overall design of multi-piece
rims, the state of knowledge within the industry of

the risks involved with use of multi-piece rims, and
the alleged failure of defendants to warn adequately
of those risks. Centralization pursuant to Section 1407
is necessary in order to prevent duplication of discovery
and eliminate the possibility of conflicting pretrial
rulings concerning these common factual issues.  See
In re The Upjohn Co. Antibiotic "Cleocin" Products Liability
Litigation, 450 F.Supp. 1168, 1170 (J.P.M.L. 1978).

The transferee judge, of course, has the authority
to group the pretrial proceedings on different discovery
tracks according to the common factual issues or according
to each defendant if necessary for the just and efficient
conduct of the litigation, and to schedule any discovery
unique to particular parties, actions or claims to proceed
in separate discovery tracks concurrently with the common
discovery, thus enhancing the efficient processing of
all aspects of the litigation.  See id.  Moreover,
no party need participate in pretrial proceedings unrelated
to that party's interests.  See, e.g., Parts I and II,
§§2.31, Manual for Complex Litigation, (rev. ed. 1977).

On the basis of the record before us, it appears
that discovery has been completed in the Mississippi
action and that discovery on all common factual issues
in this docket has been completed in the Oregon

-12-

action.  Accordingly, transfer of these actions would
not now be appropriate and they will therefore be excluded
from our transfer order.  See In re The Upjohn Co. Antibiotic
"Cleocin" Products Liability Litigation, supra, 450
F.Supp. at 1170.  Some parties have argued that additional
actions are also sufficiently advanced to warrant their
exclusion from transfer.[4/]  We recognize that all actions
are not at the same stage of discovery, but based on
the information before us, we conclude that the remaining
actions in this litigation will all benefit from transfer
under Section 1407.  We further decline all requests
for the separation and remand of the claims against
specific parties because we are unable to determine
from the record presently before us whether any of those
claims are sufficiently distinct to warrant their exclusion
from the coordinated or consolidated pretrial proceedings.
Although we are sensitive to the requests of these individual
parties, we believe these requests should be addressed
to the transferee judge following transfer.  The transferee
judge will be in the best position, in connection with

---

4/ One of those actions is the Walker action in the Western
District of Missouri.  Since Walker is pending in the district
we have selected as the transferee district for this litigation,
we leave to the transferee judge the determination of whether
or to what extent Walker should be included in the coordinated
or consolidated pretrial proceedings.  See In re National
Airlines, Inc. Maternity Leave Practices and Flight Attendant
Weight Program Litigation, 399 F.Supp. 1405, 1407 (J.P.M.L.
1975).

the organization of the pretrial program in this litigation,
to determine which, if any, actions or claims are susceptible
to immediate separation and remand. See In re Midwest
Milk Monopolization Litigation, 386 F.Supp. 1401, 1403
(J.P.M.L. 1975). If and when the transferee judge determines
that any action or claim is, in fact, ready for trial,
or otherwise ready for remand because the common pretrial
proceedings pertaining to that action or claim have
been completed and the action or claim would no longer
benefit from inclusion in the coordinated or consolidated
pretrial proceedings, the transferee judge may suggest
to the Panel that the Panel remand the action or claim
to its transferor district. See 28 U.S.C. §1407(a);
Rule 11 (c)(ii), R.P.J.P.M.L., supra, 78 F.R.D. at 569.
See, e.g., In re A.H. Robins Co., Inc. "Dalkon Shield"
IUD Products Liability Litigation, 453 F.Supp. 108 (J.P.M.L.
1978). And, of course, any relevant common discovery
heretofore completed in any action or actions may be
made applicable to all actions by utilizing the procedures
recommended in the Manual for Complex Litigation, supra,
Parts I and II, §§3.11.

IV.   SELECTION OF THE TRANSFEREE DISTRICT

We find that the Western District of Missouri is
the most appropriate transferee forum for this litigation.
The Honorable William R. Collinson, through his supervision
of the four actions now pending there and a prior related
action, has already become familiar with the issues involved
in this litigation and is therefore in the best position
to supervise it to a just and expeditious conclusion.
See In re Gas Meter Antitrust Litigation, ____ F.Supp.____ ,____
(J.P.M.L., filed Jan. 9, 1979) (slip opinion at 6);
In re Griseofulvin Antitrust Litigation, 395 F.Supp.
1402, 1403 (J.P.M.L. 1975).  In addition, because the
actions presently before the Panel are pending throughout
the country and the parties represent that discovery
will be nationwide, the geographically central location
of Missouri is a commendable factor.  Also, more actions
are pending in that district than in any other federal
district.  See In re A.H. Robins Co., Inc. "Dalkon Shield"
IUD Products Liability Litigation, 406 F.Supp. 540,
543 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that transfer pursuant
to 28 U.S.C. §1407 of the actions entitled <u>Odis Daniel
Smith, et al. v. Adams Laboratories, Inc., et al.</u>, S.D. Miss.,
C.A. No. J76-228 (N), and <u>Gladys Fay Petersen v. Michelin
Tire Corp., et al.</u>, D. Oregon, C.A. No. 77-0057, be,
and the same hereby is, DENIED, and the Panel's show cause
order be, and the same hereby is, VACATED insofar as
it relates to these actions.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C.
§1407, the remaining actions listed on the following
Schedule A and pending in districts other than the Western
District of Missouri be, and the same hereby are, transferred
to the Western District of Missouri and, with the consent
of that court, assigned to the Honorable William R.
Collinson for coordinated or consolidated pretrial pro-
ceedings with the actions listed on Schedule A and pending
there.

Schedule A                    DOCKET NO. 362

| NORTHERN DISTRICT OF ALABAMA | Civil Action No. |
|---|---|
| Gail McGee, etc., et al. v. Goodyear Tire & Rubber Co., et al. | CA78-P0090S |
| Thomas Clayton, et al. v. The Firestone Tire & Rubber Co., et al. | CA78-G0396S |

WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| Melton Henderson, et al. v. The Firestone Tire & Rubber Co., et al. | C78-0002-BG |

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Paul R. Barry v. Firestone Tire & Rubber Co. | 77-2796-G |

SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Odis Daniel Smith, et al. v. Adams Laboratories, Inc., et al. | J76-228 (N) |

WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Larry Hale, et al. v. Firestone Tire & Rubber Co. | 78-0266-CV-W-2 |
| Bobby C. Goodwin, et al. v. Firestone Tire & Rubber Co., et al. | 78-0408-CV-W-1 |
| Joseph W. Butler v. Firestone Tire & Rubber Co., et al. | 78-0647-CV-W-2 |
| Robert E. Walker, et al. v. Firestone Tire & Rubber Co. | 75CV363-W-2 |

DISTRICT OF MARYLAND

| | |
|---|---|
| Richard W. Lantieri, et al. v. Goodyear Tire & Rubber Co., et al. | Y78-1469 |

Schedule A -- Cont.           p.2                DOCKET NO. 362

### DISTRICT OF NEVEDA                          Civil Action No.

John L. Olsen v. Goodyear Tire                  77-0197-HEC
& Rubber Co., et al.

### DISTRICT OF NEW HAMPSHIRE

Patrick Dupuis v. Firestone Tire                C-76-321
& Rubber Co.

### WESTERN DISTRICT OF TENNESSEE

Marion Taylor Davis, et al. v.                  C-78-2182
Firestone Tire & Rubber Co., et.al.

### NORTHERN DISTRICT OF TEXAS

Joe B. Brown, etc. v. Goodyear Tire &           CA3-78-0556-D
Rubber Co., et al.

### SOUTHERN DISTRICT OF TEXAS

Luciano Rodriguez, etc. v. Firestone Tire       H-77-288
& Rubber Co., et al.

### SOUTHERN DISTRICT OF WEST VIRGINIA

Madlyn Walker v. Chemical Leaman Tank           76-0350CH
Lines, Inc., et al.

### EASTERN DISTRICT OF MICHIGAN

Edward & Maxine Mawby v. Firestone              870616
Steel Products Co.

Larry Johnson v. Firestone Tire                 871602
& Rubber Co., Inc.

### DISTRICT OF OREGON

Gladys Fay Petersen v. Michelin Tire            77-0057
Corp., et al.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

In re Multi-Piece Rim Products )Docket No. 362
Liability Litigation          )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON*, STANLEY A. WEIGEL, ANDREW A. CAFFREY*,
ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

## I.   BACKGROUND

This litigation consists of nineteen actions pending
in fourteen federal districts.  The distribution of
these actions is as follows:

|                                      |   |
|--------------------------------------|---|
| Western District of Missouri         | 4 |
| Northern District of Alabama         | 2 |
| Eastern District of Michigan         | 2 |
| Western District of Kentucky         | 1 |
| District of Maryland                 | 1 |
| District of Massachusetts            | 1 |
| Southern District of Mississippi     | 1 |
| District of Nevada                   | 1 |
| District of New Hampshire            | 1 |
| District of Oregon                   | 1 |
| Western District of Tennessee        | 1 |
| Northern District of Texas           | 1 |
| Southern District of Texas           | 1 |
| Southern District of West Virginia   | 1 |

---

* Judges Weinfeld, Robson and Caffrey did not participate
in the decision of this matter.

These actions have all been brought to recover compensation for personal injuries or wrongful death allegedly resulting from, among other causes, the failure and separation of a multi-piece truck wheel (rim and tire assembly).  The complaints in eighteen of these actions allege that a multi-piece rim assembly separated under pressure and flew apart with explosive force during tire inflation, mounting of an inflated wheel on a vehicle, or removal of an inflated wheel from a vehicle.  Plaintiffs or plaintiffs' decedents in these eighteen actions were individuals who were in the proximity of the wheel when it separated, either as service persons or bystanders. The complaint in the nineteenth action (the Oregon action) alleges that a multi-piece rim assembly separated during operation of the vehicle on which the rim was being used, causing the vehicle to go out of control and strike an oncoming vehicle containing plaintiff and plaintiff's decedent. In each action, one or more of the following four manufac-turers of multi-piece rim components are named as defendants: Firestone Tire and Rubber Co. (fourteen actions), Goodyear Tire and Rubber Co. (eight actions), Kelsey-Hayes Co. (three actions) and Redco Corp. (one action).  Either Firestone or Goodyear is a defendant in every action.  Besides the four manufacturers of

multi-piece rim components, 21 other defendants
are named in these actions, nineteen of which are named
in only one action and two of which are named in two
actions.   These additional defendants include, in specific
actions, the manufacturer of the tire which was included
in the wheel assembly; the employers of plaintiff or
plaintiff's decedent; and the manufacturers and/or owners
of the vehicle on which the wheel was located.[1]

---

[1]  A summary of the specific type of accident alleged and the
defendants named in each of the nineteen actions follows:

| Name of Action | District | Type of Accident | Defendants |
|---|---|---|---|
| Hale | W.D. Missouri | Rims separated during inflation, striking plaintiff and injuring him | Firestone |
| Goodwin | W.D. Missouri | Rims separated while wheel was being mounted on a truck, striking and killing plaintiff's decedent | Firestone, Goodyear |
| Butler | W.D. Missouri | Rims separated while wheel was being mounted on a truck, striking plaintiff and injuring him | Firestone, Goodyear |
| Walker | W.D. Missouri | Rims separated while wheel was being mounted on a truck, striking plaintiff and injuring him | Firestone, plaintiff's employer |

(continued on next page)

Plaintiffs allege a number of theories of relief

against the various defendants in these actions.    The

| | | | |
|---|---|---|---|
| McGee | N.D. Alabama | Rims separated while wheel was being removed from a fork-lift, striking plaintiff and injuring him | Goodyear, tire manufacturer, fork-lift manufacturer, plaintiff's employers |
| Clayton | N.D. Alabama | Rims separated during inflation, striking plaintiff and injuring him | Firestone, Kelsey-Hayes |
| Mawby | E.D. Michigan | Rims separated while wheel was being mounted on a vehicle, striking plaintiff and injuring him | Firestone |
| Johnson | E.D. Michigan | Rims separated after inflation, striking plaintiff and injuring him | Firestone |
| Henderson | W.D. Kentucky | Rims separated during inflation of a wheel mounted on a vehicle, striking plaintiff and injuring him | Firestone, tire manufacturer, truck manufacturer |
| Lantieri | D. Maryland | Rims separated while wheel was being mounted on a truck, striking plaintiff and injuring him | Goodyear, tire manufacturer |
| Barry | D. Massachusetts | Rims separated during inflation, striking plaintiff and injuring him | Firestone |

(continued on next page)

allegations against the manufacturers of multi-piece

rim components generally concern defects in the design

| Smith | S.D. Mississippi | Rims separated during inflation, striking plaintiff and injuring him | Firestone, Redco, tire manufacturer, plaintiff's employers |
|---|---|---|---|
| Olsen | D. Nevada | Rims separated during inflation, striking plaintiff and injuring him | Goodyear |
| Dupuis | D. New Hampshire | Rims separated during removal of a wheel from a truck, striking plaintiff and injuring him | Firestone |
| Petersen | D. Oregon | Wheel failed while vehicle was being driven, causing vehicle to go out of control and strike an oncoming automobile containing plaintiff and plaintiff's decedent | Firestone, tire manufacturer |
| Davis | W.D. Tennessee | Rims separated during inflation of a wheel mounted on a vehicle, striking and killing plaintiff's decedent | Firestone, Kelsey-Hayes |
| Brown | N.D. Texas | Rims separated while wheel was being mounted on a vehicle, striking plaintiff and injuring him | Goodyear, tire manufacturer, plaintiff's employers |

(continued on next page)

and manufacture of multi-piece rim components and failure
to warn adequately of the risks involved with multi-piece
rim assemblies. All parties agree that in some instances
multi-piece rim components manufactured by different
defendants can be used interchangeably.

In addition, the complaints in three of the Missouri
actions (Hale, Goodwin and Butler) allege that Firestone
and/or Goodyear 1) failed to advise the United States
Department of Transportation of the hazards associated
with use of multi-piece rims and intentionally minimized
the frequency and severity of personal injuries caused
by multi-piece rims in testimony before the Department
of Transportation; 2) withheld information from and
gave misinformation to the Department of Transportation
concerning the feasibility of a recall and retrofit
of multi-piece rims; 3) maintained a political slush
fund to make illegal payments for the purpose of avoiding
a recall of multi-piece rims; and 4) conspired with
other manufacturers to withhold the dissemination of
adequate safety warnings concerning multi-piece rims.

| | | | |
|---|---|---|---|
| Rodriguez | S.D. Texas | Rims separated during inflation of a wheel mounted on a vehicle, striking plaintiff and injuring him | Firestone, Goodyear |
| Walker | S.D. West Virginia | Rims separated while wheel was being mounted on a vehicle, striking and killing plaintiff's | Goodyear, owners of vehicle |

II.   PROCEEDINGS BEFORE THE PANEL

The Panel, pursuant to 28 U.S.C. §1407(c)(i) and

Rule 8, R.P.J.P.M.L., 78 F.R.D. 561, 566-67 (1978),

ordered the parties to show cause why eighteen of these

nineteen actions should not be transferred to a single

district for coordinated or consolidated pretrial pro-

ceedings.[2] Plaintiffs in eleven actions (including

plaintiffs in the three Missouri actions containing

the additional allegations against Firestone and/or

Goodyear) favor transfer.  Plaintiffs in ten of these

actions favor selection of the Western District of

Missouri as the transferee forum.  Plaintiff in the

_____

[2] An additional action included in the Panel's show
cause order has been dismissed -- Super Tire
Engineering Co. v. Goodyear, et al., D.New Jersey, C.A.No.
76-1546.  Consideration of the question of transfer
with respect to this action is therefore moot.

The parties have informed the Panel that another
action included in the Panel's show cause order involves
a single-piece rim rather than a multi-piece rim --
Milton John McLellan, et al. v. Columbus I-70 West Auto-
Truckstop, Inc., et al., N.D.Illinois, C.A.No. 77-C-2585.
This action was therefore excluded from the Panel's
consideration of the question of transfer in this litigation.

The action pending in the District of Maryland
(Lantieri) was not included in the Panel's show cause
order.  Plaintiffs in Lantieri, however, requested the
Panel to include Lantieri in the Panel's present consideration
of the question of transfer in this litigation.  Because
the other parties to Lantieri are already before the
Panel and have responded to the show cause order, we
have included Lantieri in our present consideration.

eleventh action has expressed no view on that issue.
Plaintiffs in five actions and all defendants except
one (which has not responded) oppose transfer.  Plaintiffs
in the other three actions have not responded.   In
the event transfer is ordered, Goodyear favors selection
of the Northern District of Ohio as the transferee
forum. In the event transfer is ordered, several opponents
also request either that actions in which they are
involved be excluded from transfer because pretrial
proceedings in these actions are well advanced or that
the claims against them be excluded from transfer because
those claims are unrelated to the common factual issues
involved in this litigation.

III.   DECISION OF THE PANEL

We find that these actions involve common questions
of fact and that, with the exception of the Oregon
and Mississippi actions, their transfer to the Western
District of Missouri under Section 1407 for coordinated
or consolidated pretrial proceedings will serve the
convenience of the parties and witnesses and promote
the just and efficient conduct of the  litigation.[3/]

---

[3/] Pursuant to Rule 10(e), R.P.J.P.M.L., supra, 78 F.R.D.
at 568-69, Firestone and Goodyear are ordered to keep
the clerk of the Panel informed of any potential tag-along
actions in this litigation.

Opponents present the following primary arguments in opposition to transfer in this litigation:

1) The questions of fact involved in each action are primarily individual.

a) A diversity of multi-piece rim components produced by a diversity of manufacturers is involved. The design of these rim components, the interlocking mechanisms and the mounting and demounting procedures for the rims vary.

b) A diversity of parties is involved as plaintiffs and defendants. The factual situation with respect to most parties is individual to a single action.

c) The circumstances surrounding each accident primarily involve factual variables unique to that accident.

2) The factual aspects that may be shared by these actions with respect to the design and manufacture of multi-piece rim components are minimal in comparison to the unique issues involved in each action.

3) Discovery is progressing well in most of these actions, some of which have been pending for a long time, are well advanced in discovery, and are nearing readiness for trial. Transfer would merely delay pretrial and trial proceedings in these well advanced actions.

On the other hand, proponents of transfer maintain
that all multi-piece rims are essentially the same, for
purposes of this litigation, because they all operate on
the same engineering principle of maintaining a delicate
equilibrium among the multi-piece rim components in order
to keep the rim components from separating and flying apart
under inflation pressure.  Proponents assert that the sources
of discovery common to all actions include engineers familiar
with multi-piece rim design, as well as documents and witnesses
from the national trade association of tire and rim manufac-
turers.  Several plaintiffs also contend that Firestone
and Goodyear exchanged information concerning whether to
distribute certain warning labels for use with multi-piece
rims.  In addition, several plaintiffs argue that defendants
have concertedly suppressed evidence concerning the risks
associated with the use of multi-piece rims.

We are persuaded that centralized pretrial proceedings
under Section 1407 are appropriate in this litigation.
We recognize that certain individual factual issues
will be present in each action.  Nevertheless, we are
convinced that substantial common factual issues are
present concerning the overall design of multi-piece
rims, the state of knowledge within the industry of

the risks involved with use of multi-piece rims, and
the alleged failure of defendants to warn adequately
of those risks. Centralization pursuant to Section 1407
is necessary in order to prevent duplication of discovery
and eliminate the possibility of conflicting pretrial
rulings concerning these common factual issues.  See
In re The Upjohn Co. Antibiotic "Cleocin" Products Liability
Litigation, 450 F.Supp. 1168, 1170 (J.P.M.L. 1978).

The transferee judge, of course, has the authority
to group the pretrial proceedings on different discovery
tracks according to the common factual issues or according
to each defendant if necessary for the just and efficient
conduct of the litigation, and to schedule any discovery
unique to particular parties, actions or claims to proceed
in separate discovery tracks concurrently with the common
discovery, thus enhancing the efficient processing of
all aspects of the litigation.  See id.  Moreover,
no party need participate in pretrial proceedings unrelated
to that party's interests.  See, e.g., Parts I and II,
§§2.31, Manual for Complex Litigation, (rev. ed. 1977).

On the basis of the record before us, it appears
that discovery has been completed in the Mississippi
action and that discovery on all common factual issues
in this docket has been completed in the Oregon

action.  Accordingly, transfer of these actions would
not now be appropriate and they will therefore be excluded
from our transfer order. See In re The Upjohn Co. Antibiotic
"Cleocin" Products Liability Litigation, supra, 450
F.Supp. at 1170.  Some parties have argued that additional
actions are also sufficiently advanced to warrant their
exclusion from transfer.[4/]  We recognize that all actions
are not at the same stage of discovery, but based on
the information before us, we conclude that the remaining
actions in this litigation will all benefit from transfer
under Section 1407.  We further decline all requests
for the separation and remand of the claims against
specific parties because we are unable to determine
from the record presently before us whether any of those
claims are sufficiently distinct to warrant their exclusion
from the coordinated or consolidated pretrial proceedings.
Although we are sensitive to the requests of these individual
parties, we believe these requests should be addressed
to the transferee judge following transfer.  The transferee
judge will be in the best position, in connection with

---

4/ One of those actions is the Walker action in the Western
District of Missouri.  Since Walker is pending in the district
we have selected as the transferee district for this litigation,
we leave to the transferee judge the determination of whether
or to what extent Walker should be included in the coordinated
or consolidated pretrial proceedings.  See In re National
Airlines, Inc. Maternity Leave Practices and Flight Attendant
Weight Program Litigation, 399 F.Supp. 1405, 1407 (J.P.M.L.
1975).

the organization of the pretrial program in this litigation,
to determine which, if any, actions or claims are susceptible
to immediate separation and remand.  See In re Midwest
Milk Monopolization Litigation, 386 F.Supp. 1401, 1403
(J.P.M.L. 1975).  If and when the transferee judge determines
that any action or claim is, in fact, ready for trial,
or otherwise ready for remand because the common pretrial
proceedings pertaining to that action or claim have
been completed and the action or claim would no longer
benefit from inclusion in the coordinated or consolidated
pretrial proceedings, the transferee judge may suggest
to the Panel that the Panel remand the action or claim
to its transferor district.  See 28 U.S.C. §1407(a);
Rule 11 (c)(ii), R.P.J.P.M.L., supra, 78 F.R.D. at 569.
See, e.g., In re A.H. Robins Co., Inc. "Dalkon Shield"
IUD Products Liability Litigation, 453 F.Supp. 108 (J.P.M.L.
1978).  And, of course, any relevant common discovery
heretofore completed in any action or actions may be
made applicable to all actions by utilizing the procedures
recommended in the Manual for Complex Litigation, supra,
Parts I and II, §§3.11.

-14-

IV.  <u>SELECTION OF THE TRANSFEREE DISTRICT</u>

We find that the Western District of Missouri is
the most appropriate transferee forum for this litigation.
The Honorable William R. Collinson, through his supervision
of the four actions now pending there and a prior related
action, has already become familiar with the issues involved
in this litigation and is therefore in the best position
to supervise it to a just and expeditious conclusion.
See <u>In re Gas Meter Antitrust Litigation</u>, ____ F.Supp.____, ____
(J.P.M.L., filed Jan. 9, 1979) (slip opinion at 6);
<u>In re Griseofulvin Antitrust Litigation</u>, 395 F.Supp.
1402, 1403 (J.P.M.L. 1975).  In addition, because the
actions presently before the Panel are pending throughout
the country and the parties represent that discovery
will be nationwide, the geographically central location
of Missouri is a commendable factor.  Also, more actions
are pending in that district than in any other federal
district.  See <u>In re A.H. Robins Co., Inc. "Dalkon Shield"
IUD Products Liability Litigation</u>, 406 F.Supp. 540,
543 (J.P.M.L. 1975).

-15-

IT IS THEREFORE ORDERED that transfer pursuant

to 28 U.S.C. §1407 of the actions entitled Odis Daniel

Smith, et al. v. Adams Laboratories, Inc., et al., S.D. Miss.,

C.A. No. J76-228 (N), and Gladys Fay Petersen v. Michelin

Tire Corp., et al., D. Oregon, C.A. No. 77-0057, be,

and the same hereby is, DENIED, and the Panel's show cause

order be, and the same hereby is, VACATED insofar as

it relates to these actions.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C.

§1407, the remaining actions listed on the following

Schedule A and pending in districts other than the Western

District of Missouri be, and the same hereby are, transferred

to the Western District of Missouri and, with the consent

of that court, assigned to the Honorable William R.

Collinson for coordinated or consolidated pretrial pro-

ceedings with the actions listed on Schedule A and pending

there.

<u>Schedule A</u>                    DOCKET NO. 362

<u>NORTHERN DISTRICT OF ALABAMA</u>

<u>Civil Action No.</u>

Gail McGee, etc., et al. v. Goodyear Tire
& Rubber Co., et al.                         CA78-P0090S

Thomas Clayton, et al. v. The Firestone Tire
& Rubber Co., et al.                         CA78-G0396S

<u>WESTERN DISTRICT OF KENTUCKY</u>

Melton Henderson, et al. v. The
Firestone Tire & Rubber Co., et al.          C78-0002-BG

<u>DISTRICT OF MASSACHUSETTS</u>

Paul R. Barry v. Firestone Tire &
Rubber Co.                                   77-2796-G

<u>SOUTHERN DISTRICT OF MISSISSIPPI</u>

dis Daniel Smith, et al. v. Adams
Laboratories, Inc., et al.                   J76-228 (N)

<u>WESTERN DISTRICT OF MISSOURI</u>

Larry Hale, et al. v. Firestone Tire
& Rubber Co.                                 78-0266-CV-W-2

Bobby C. Goodwin, et al. v. Firestone
Tire & Rubber Co., et al.                    78-0408-CV-W-1

Joseph W. Butler v. Firestone
Tire & Rubber Co., et al.                    78-0647-CV-W-2

Robert E. Walker, et al. v.
Firestone Tire & Rubber Co.                  75CV363-W-2

<u>DISTRICT OF MARYLAND</u>

Richard W. Lantieri, et al. v. Goodyear
Tire & Rubber Co., et al.                    Y78-1469

Schedule A -- Cont.          p.2                    DOCKET NO. 362

### DISTRICT OF NEVEDA                          Civil Action No.

John L. Olsen v. Goodyear Tire                  77-0197-HEC
& Rubber Co., et al.

### DISTRICT OF NEW HAMPSHIRE

Patrick Dupuis v. Firestone Tire               C-76-321
& Rubber Co.

### WESTERN DISTRICT OF TENNESSEE

Marion Taylor Davis, et al. v.                 C-78-2182
Firestone Tire & Rubber Co., et.al.

### NORTHERN DISTRICT OF TEXAS

Joe B. Brown, etc. v. Goodyear Tire &          CA3-78-0556-D
Rubber Co., et al.

### SOUTHERN DISTRICT OF TEXAS

Luciano Rodriguez, etc. v. Firestone Tire      H-77-288
& Rubber Co., et al.

### SOUTHERN DISTRICT OF WEST VIRGINIA

Madlyn Walker v. Chemical Leaman Tank          76-0350CH
Lines, Inc., et.al.

### EASTERN DISTRICT OF MICHIGAN

Edward & Maxine Mawby v. Firestone             870616
Steel Products Co.

Larry Johnson v. Firestone Tire                871602
& Rubber Co., Inc.

### DISTRICT OF OREGON

Gladys Fay Petersen v. Michelin Tire           77-0057
Corp., et al.